J. W. McElroy v. The State.

A conviction on an indictment for maliciously disturbing a congregation assembled for religious worship, was *held* to have been made upon sufficient evidence, where two witnesses testified that the defendant entered the church with a large stick, remaining within but a short time, and afterwards was heard by them talking out of doors, occasionally using profane language in a tone of voice loud enough to be heard over the church; that they were disturbed, but did not notice that it particularly disturbed the remainder of the congregation.

The evidence clearly makes out a *primâ facie* case against the defendant, and if the congregation were not in fact disturbed, or he did not act maliciously, it devolved on him to rebut by proof the presumptions that arise from the evidence against him.

APPEAL from Cherokee.    Tried below before the Hon. R. A. Reeves.

A sufficient statement of the case appears in the opinion.    The only point presented by the record is as to the sufficiency of the evidence to sustain the verdict.

*Donley & Anderson,* for the appellant.

*Attorney-General,* for the State.

ROBERTS, J.—The indictment is founded on and follows Art. 284 of the Penal Code, which reads as follows: "If any person shall maliciously disturb any congregation assembled for religious worship and conducting themselves in a lawful manner, he shall, on conviction, be fined a sum not less than five nor more than one hundred dollars."

Two witnesses testified that, "there was preaching at a church in said county, and defendant came into church with a large stick in his hands—larger than an ordinary walking cane—and after sitting a while went out, and was heard by the witnesses talking out of doors, and occasionally using profane language, in a tone of voice loud enough to be heard over the church;—it disturbed the witnesses, but they did not notice that it particularly disturbed the remainder of the congregation."

It is contended that this is not sufficient evidence to warrant the jury in saying by their verdict that the defendant did maliciously disturb the congregation.    Persons usually, while attending church, demean themselves in a quiet, orderly manner, so that they can hear and attend to the service and thereby also permit others to do the same.    This is the enjoyment of a common right, which it is the object of the statute to protect.    The defendant's conduct in going into the church with a large stick, and in going out of doors and then using profane language loud enough for the congregation to hear it, and so that the two witnesses did hear it and were disturbed by it, is ample testimony to satisfy the jury that the congregation were disturbed by it.    The fact that they did

not increase that disturbance by manifesting their annoyance does not show that they were not disturbed.

Those facts also warrant the belief on the part of the jury that he acted maliciously, that is, in the willful disregard of the rights of others. This is upon the plain principle that every one is presumed to have intended that which is the consequence of his acts until the contrary appears. It is obvious that he was not then seeking to enjoy his right of religious worship. It is equally so that his deportment and conversation were well calculated to interfere with the rights of others who were attending the church service. No excuse, no accident, no palliation is shown for such conduct. It is fair to presume that he intended the wrong he did, and the jury were justified in doing so. The evidence clearly makes out a *prima facie* case against the defendant; and if really the congregation were not disturbed or he did not act maliciously, it would certainly have been easy to have found witnesses that were at the church, who could have removed the presumption, which the facts in proof raised against him. And the fact that, under such circumstances, no effort was made to rebut, increases the force of the facts adduced, and naturally and rightfully produced the impression upon the minds of the jury that defendant did not elicit more facts, which was certainly within his power if they existed, because they would not be more favorable to him. We think the verdict warranted by the evidence.

Judgment affirmed.