## A. Friedlander and W. Morrison v. The State.

1. Disturbing Public Worship. — Note evidence held sufficient to sustain a conviction for this offence.

2. Motion in Arrest of Judgment can impugn the sufficiency of an indictment or information upon no other grounds than those which would be good upon exception thereto for a substantial defect therein, and which are set forth in the Code of Criminal Procedure. The validity or the want of an order of the District Court transferring a misdemeanor case to an inferior court for trial cannot be questioned by motion in arrest of judgment.

Appeal from the County Court of Rusk. Tried below before the Hon. A. J Smith, County Judge.

A clear statement of the case is given in the opinion.

*Jones & Wynne*, for the appellants.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J. Appellants were jointly indicted and convicted for wilfully disturbing a congregation assembled for religious worship, and, appealing to this court, complain that the evidence was not sufficient to support the conviction, and that the court in which the conviction was had, the County Court of Rusk County, had no jurisdiction of the case, by reason of a failure of the District Court of said county to make the proper order of transfer after present-ment of the indictment.

The evidence disclosed by the statement of facts shows that on Sunday, the tenth day of December, 1878, a congregation consisting of about one hundred and fifty persons, and including appellants, had assembled for religious worship in the town of Overton in Rusk County, and said congregation were conducting themselves in a lawful manner. It further shows that during the service appellants were guilty of repeated acts of misbehavior; and that in the closing prayer, after the conclusion of the sermon,

one of them groaned aloud, which caused the minister to be disturbed, according to his testimony. It further appears that during the service, and, presumably from the evidence, during prayer, appellants were laughing and talking together to such an extent as to distract the attention of persons in the congregation, and cause them to turn their thoughts from worship to ascertain the cause of the disturbance.

From these facts, the court below, to whom the case was submitted without a jury, was authorized to find that appellants had wilfully disturbed the congregation; and we are not prepared to say that this finding was against the evidence, or without evidence to support it. *McElroy* v. *The State*, 25 Texas, 507; *Hunt* v. *The State*, 3 Texas Ct. App. 116.

A motion in arrest of judgment cannot be used, in our practice, to question the validity of a transfer of an indictment from the District Court to some inferior court having jurisdiction of the offence charged. Such motion can be based upon no other ground than such as would be good upon exception to an indictment or information for any substantial defect therein. Rev. Code Cr. Proc., art. 787. These grounds of exception are set forth plainly in the statute, and do not include the ground set up in the motion in this case, to wit, the invalidity of the order, or total want of an order, transferring the case from the District Court to the County Court. Rev. Code Cr. Proc., art. 528. The objection came too late after verdict, and is not sustained by the record before us, which shows an order for transfer substantially sufficient under the law.

There is no material error in the record, and the judgment is affirmed.

*Affirmed.*